IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> vs. <br><br> SAVANNAH GRAY, JACOB GRAY, ALBERT JENNICHES, DONALD JENNICHES and All Unknown Heirs and/or Assigns of DENISE A. GRAY-JENNICHES a/k/a DENISE A. GRAY, Deceased, and JOSEPH S. JENNICHES, Deceased, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.  2:22-cv-283 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT IN MORTGAGE FORECLOSURE

The United States of America, a sovereign corporation, ("Plaintiff") by and through its counsel, Cindy K. Chung, United States Attorney, in and for the Western District of Pennsylvania, and Knox McLaughlin Gornall & Sennett, P.C., private counsel to the United States of America, for its Complaint alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C. §1345.

2. That Defendant Savannah Gray is believed to reside 313 James Street, Latrobe, PA 15650 and is believed to be a potential heir of Denise A. Gray, a/k/a Denise A. Gray-Jenniches, Deceased.

3. That Defendant Jacob Gray is believed to reside at 313 James Street, Latrobe, PA 15650 and is believed to be a potential heir of Denise A. Gray, a/k/a Denise A. Gray-Jenniches, Deceased.

4. That Defendant Albert Jenniches is believed to reside at 171 7th St. Extension, New Kensington, PA 15068, and is a potential heir of Joseph S. Jenniches, Deceased.

5. That Defendant Donald Jenniches is believed to reside at 437 Main St., Apt. #3, Latrobe, PA 15650, and is a potential heir of Joseph S. Jenniches, Deceased.

6. Denise A. Gray-Jenniches, a/k/a Denise A. Gray, ("Gray") is the owner of record of a certain real property commonly known as 130 First Street, Saltsburg, PA 15681, Parcel No. 52-01-11-0-062 (the "Real Property").

7. Gray died on March 10, 2016 No estate has been opened for her. At the time of her death, she was married to Joseph S. Jenniches and had children, i.e. Savannah Gray and Jacob Gray, any or all of whom may have inherited an interest in the Real Property.

8. Joseph S. Jenniches died on August 3, 2019. No estate has been opened for him. Albert Jenniches and Donald Jenniches may have inherited his interest in the Real Property, if any.

9. That on or about October 10, 2002, the Plaintiff, acting through the United States Department of Agriculture, Rural Housing Service, lent to Gray the sum of $92,695.00 bearing interest at the rate of 6.75% per annum, payable in monthly installments as evidenced by a Promissory Note dated October 10, 2002 (the "Note"), executed by Gray. A true and correct copy of the Note is attached hereto, marked Exhibit A, and made a part hereof as if set forth in its entirety at this point.

10. In order to secure payment of all sums due under the Note, on October 10, 2002, Gray, executed, and delivered a Mortgage for Pennsylvania (the "Mortgage") to the Plaintiff.

Note, the entire indebtedness shall, at the option of the obligee, become due and payable immediately. A true and correct copy of the Mortgage is attached hereto, marked Exhibit B, and incorporated herein by reference.

11. The Mortgage was recorded on October 15, 2002, in the Westmoreland County Recorder's Office, Pennsylvania at Instrument No. 2002101600266799. A true and correct legal description of the Real Property is attached hereto as Exhibit D, and incorporated herein by reference.

12. On October 10, 2002, Gray executed a Subsidy Repayment Agreement with the Plaintiff, a copy of which is attached hereto as Exhibit C and incorporated herein by reference.

13. That during the course of the loan, the Gray's monthly mortgage payments may have been subsidized by the Plaintiff. Pursuant to 42 U.S.C. §1490(a) and the Mortgage, any subsidy received by Gray, is subject to recapture upon disposition of the property. The amount of the subsidy, if any, that may be due, if any, is set forth in the due and owing paragraph of this Complaint.

14. That the Plaintiff is the owner and holder of the Note and Mortgage.

15. The accelerated balance presently due to Plaintiff under the Note is as follows:

| | | |
|---|---|---|
| (a) Principal and advances | $ | 79,330.37 |
| (b) Interest through 12/9/2020 | | 20,098.80 |
| (c) Payment assistance charges | | 50,257.78 |
| (d) Fees assessed | | 18,346.63 |
| (e) Attorney's fees (est.) | | 2,500.00 |
| (f) Late fees | | 90.40 |
| (g) Costs | | to be added |
| Total due | $ | 170,623.98 |

16. That Plaintiff is entitled to collect its reasonable attorney's fees, which will amount to $2,000.00 and increase depending on the extent of litigation required.

17. That Plaintiff believes the Real Property to be abandoned.

18. Gray is in default under the terms of the loan with Plaintiff as a result of a failure to make payments, a failure to pay real estate taxes and Gray's death.

19. The possible known heirs of Gray and Joseph S. Jenniches are Savannah Gray, Jacob Gray, Albert Jenniches and Donald Jenniches. They, together with All Unknown Heirs and/or Assigns of Denise A. Gray-Jenniches, a/k/a Denise A. Gray, Deceased and Joseph S. Jenniches, Deceased, shall be referred to herein as the "Defendants".

20. As a result of the existing defaults, Plaintiff accelerated the balance due under the Note and Mortgage and hereby elects to declare the entire amount of the indebtedness of the Note and Mortgage immediately due and payable.

21. No other action has been brought at law or in equity, to enforce the provisions of the aforesaid Note and Mortgage, and all conditions precedent to the bringing of the action have been performed or have occurred.

22. Plaintiff's lien is prior and superior to any other lien or claim against the Property.

23. As a result of the default of Gray, Plaintiff is entitled to foreclose Defendants' interest in the Property and to cause the Property to be exposed to Marshal's Sale.

24. Plaintiff has named All Unknown Heirs and/or Assigns of Denise Gray-Jenniches a/k/a Denise A. Gray, Deceased, and Joseph S. Jenniches, Deceased as a defendant, in accordance with Pa R.C.P. 1144(a)(2) and 20 Pa CSA §301(b), in order to divest any equitable interest they may have in the above described Property. The named Defendants have no

individual or personal liability for the mortgage debt. Furthermore, Plaintiff releases all known or unknown heirs from personal liability for the debt secured by this Mortgage.

WHEREFORE, Plaintiff respectfully prays for a judgment in mortgage foreclosure against the Defendants, in the amount of the accelerated balance set forth above, together with reasonable attorney's fees and costs of this suit, and for a judicial sale of the Real Property and that the Defendants and every person whose conveyance or encumbrance is subsequent or subsequently recorded be forever barred and foreclosed of all rights, claims, liens, and equity at redemption in the mortgaged premises and that Plaintiff be granted such other relief as is necessary and just.

Dated at Erie, Pennsylvania, this 14th day of February, 2022.

Respectfully submitted,

UNITED STATES OF AMERICA
CINDY K. CHUNG,
UNITED STATES ATTORNEY
WESTERN DISTRICT OF PENNSYLVANIA

BY:  /s/ Mark G. Claypool
Mark G. Claypool, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800
Private Counsel to the
United States of America
mclaypool@kmgslaw.com